The opinion of the court was delivered by
DeBlanc, J.
In April 1873, plaintiff mortgaged in favor of Hugh Allison & Co. three lots of ground situated — one in Clio and two in Port Vincent.
Those lots were seized to satisfy the mortgage, and — of the three— that situated in Clio was sold. The intended sale of the others was enjoined, on the grounds:
1. That the notice required in proceedings via executiva has not been given.
*375 2. That the lots which plaintiff owns in Port Vincent and the buildings thereon compose his homestead and are exempt from seizure.
His injunction was maintained and his creditors appealed.
The evidence shows that the two lots and the buildings thereon are occupied as a residence by plaintiff, his wife and his children, who are dependent upon him for a support: that said property is worth five hundred dollars, and that owned by his wife far less.
Under these circumstances, is plaintiff entitled to the exemption which he claims ?
It is contended that he is not, and why ? Because he occupies a residence which happens to be on the fraction of a plantation laid out in town lots, and because, instead of cultivating a field, he cultivates a garden and an orchard.
The representative of the parish testified, on the trial, that — as yet— Port Vincent is not incorporated.
As held in “Baden vs. Reeves, Executor,” plaintiff’s lots do not belong to the class designated as urban property, and the provisions of the homestead law do apply to his case.
27th A. 226, 227.
It is — therefore—ordered, adjudged and decreed that the judgment appealed from is affirmed with costs.